**CROW, Disbarment, In re.**

Ohio Appeals, Second District, Champaign County.

No. 138.   Decided August 5, 1955.

D. H. Jackman, London, Richard P. Faulkner, Edwin L. English, Russell B. Holding, Urbana, Committte for the Motion.

Reed M. Winegardner, Washington C. H., for appellant-Contra the Motion.

## OPINION

By THE COURT:

Submitted on motion of the Committee in these proceedings for an order vacating the stay of execution of order of disbarment entered by this court on May 23, 1955. The motion asserts that this court was without jurisdiction to make the order for five reasons:

(a) The application was not made in the proper Court;

(b) The motion was not in writing;

(c) Notice of the time and place of the hearing on the application was not given to the committee;

(d) Terms were not prescribed by the court under which said alleged stay was to be effective;

(e) Said order does not set forth the findings of facts and conclusions of law which constitutes the good cause recited therein.

The Committee on behalf of the motion cites §4705.04 R. C.;

"In case of suspension or removal of an attorney at law by the court of common pleas, an appeal on questions of law may be had to the court of appeals, and the sentence of either the court of common pleas or the court of appeals may be reviewed on appeal on questions of law in the supreme court. **If such suspended or removed attorney shall desire a modification of the decree of suspension or removal, he shall file a written motion therefor in the court which entered such decree.**"

That part of the section contained in the last sentence thereof is emphasized by the Committee.

In our judgment, the emphasized portion of the section has no application whatever to proceedings on appeal which are specifically authorized by the first sentence of the section. The right of appeal has been recognized in every reported case of review of orders disbarring attorneys at law, and, in this court orders have been, without exception, stayed pending disposition of the appeal upon the giving of a supersedeas bond.

The proceeding under review is a civil action as to which the right of supersedeas on appeal on questions of law has full application.

To require appellants who desire to give supersedeas bonds to show good cause before suspension of execution of orders is impractical because it probably would necessitate an examination of the records upon which the orders were predicated, which would not then be available.

That part of the section which the Committee emphasized has application only when, and if, it has been determined that there is a valid, subsisting judgment. The provision may be invoked by motion at any time during the period of the disbarment order and is directed to the court which made the order. Here, it is the contention of the appellant that there is no valid order of disbarment which question may be properly raised on his appeal.

In the matter of **John A. King, 54 Oh St 417,** cited by the Committee, is confirmatory of our view of the controlling statute and in no sense raises any question of the right of the appellant here to prosecute his appeal under the appeal statutes and under the specific provision of **§4705.04 R. C.**

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.